IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAKINAK IRBY<br><br>    Plaintiff,<br>v.<br>BERGER REAL ESTATE INVESTMENT, INC.<br>and<br>ARNOLD BERGER<br>    Defendants. | No.<br><br>JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff Sakinak Irby files this Complaint against Defendants Berger Real Estate Investment, Inc. and Arnold Berger, and in support thereof avers as follows:

### Nature of Claim

1. Plaintiff Sakinak Irby files this Complaint setting forth causes of action under the Fair Labor Standards Act of 1938, 29 U. S. C. 201, et. seq. ("FLSA"); the Pennsylvania Minimum Wage Act, 42 Pa. C. S. §333.101, et. seq. ("PMWA"); and the Pennsylvania Wage Payment and Collection Law, 43 Pa C. S. §260.1, et. seq. ("WPCL").

### Jurisdiction and Venue

2. This Court has federal question jurisdiction of this matter pursuant to 28 U. S. C. §1331 (Count I), and supplemental jurisdiction over the Pennsylvania state law claims (Counts II and III) pursuant to 28 U. S. C. §1367.

3. Venue is appropriate in this Court since all parties reside in this jurisdiction and the events in question took place in this jurisdiction.

## Parties

4. Plaintiff Sakinak Irby is an individual who resides at

5. Defendant Berger Real Estate Investment, Inc. ("Berger REI") is a Pennsylvania corporation with its principal place of business at 2140 South 10th Street, Philadelphia, PA 19148.

6. Defendant Arnold Berger, President of Defendant Berger REI, is its principal owner. Arnold Berger maintains operational control over daily operations and business activities. Arnold Berger maintains a principal place of business at 2140 South 10th Street, Philadelphia, PA 19148.

7. At all times relevant hereto, Defendant Berger REI was acting through its agents, servants and employees, who were acting within the scope of their authority in the course of their employment and under the direct control of Berger REI.

## Factual Background

### A. Berger REI's Apartments

8. Defendant Berger REI owns several apartment buildings in the University City and Overbrook areas of Philadelphia, PA.

9. Defendant Berger REI advertises that it provides its tenants with maintenance services 24 hours per day, seven days per week.

10. Defendant Berger REI's apartments include Overbrook Gardens, which is located one mile from St. Joseph's University at 900 N. 63rd Street, Philadelphia, PA 19151.

### B. Plaintiff Irby's Work Duties

11. Plaintiff Irby began working for Defendant Berger REI in 2005.

12. Since the commencement of her employment Plaintiff Irby has been continuously assigned to work at the Overbrook Gardens apartment complex.

13. Plaintiff Irby's job title is Building Manager / Maintenance Lady; however, Irby has no managerial duties and her primary job duties consist of performing maintenance work at Overbrook Gardens.

14. Plaintiff Irby most recently worked onsite for Defendant Berger REI on October 31, 2016; Irby is presently on medical leave due to a wrist injury and subsequent wrist surgery that resulted from an injury sustained at work.

15. During Plaintiff Irby's employment, approximately seventy (70) per cent of Irby's typical work day has consisted of performing physical maintenance technician duties such as painting apartments, cleaning apartments, hanging blinds, cleaning hallways, cleaning stairs, cleaning refrigerators, replacing light bulbs, changing electric face plates, fixing leaks, cleaning building exteriors, trash removal, maintaining building grounds, completion of apartment maintenance service requests, and general repairs and upkeep.

16. The remaining approximately thirty (30) per cent of Plaintiff Irby's typical work day has involved showing apartments to prospective tenants who pre-arrange for showings through Berger REI's corporate office.

17. Defendant Berger REI's procedure for showing prospective tenants apartments is for a representative from Berger REI's main office to send a text to Plaintiff Irby on her personal cell phone with the name of a prospective tenant who had already made arrangements with the

corporate office to visit the property at a specific time. When the prospective tenant arrives, Irby is required to show the prospective tenant designated apartment(s) that are available for lease.

### C. Plaintiff Irby's Work Hours

18. As of the time of hiring, Plaintiff Irby did not know that she would be expected to work more than forty (40) hours per week.

19. From at least January 1, 2014 forward, Plaintiff Irby has been regularly required to work from 8:00 a.m. to between 5:00-5:30 p.m. Monday through Friday, with an approximately one-half (1/2) hour lunch break when time permits.

20. As a consequence of the Monday through Friday schedule, each regular Monday through Friday workday Plaintiff Irby works 42.5-43 hours per week.

21. From at least January 1, 2014 forward, Plaintiff Irby has also been required to regularly work every Saturday from 9:00 am to either 1:00 p.m.-2:00 p.m. with no lunch break.

22. Based on the required regular weekly Monday-Saturday schedule, Plaintiff Irby has worked between 46.5-48 hours per week.

23. Plaintiff Irby has also been required to work certain Sundays.

24. Plaintiff Irby is also required to be "on-call" during non-scheduled work hours Monday through Sunday in order to respond to off-hour maintenance and emergency maintenance needs.

25. When off-hour and maintenance emergency maintenance is required at Overbrook Gardens, in accordance with Defendant Berger REI's 24/7 maintenance policy, Plaintiff Irby has been required to handle all tenant issues.

26. All tenants at Overbrook Gardens have been provided with Plaintiff Irby's personal cell phone number and when tenants require off-hour and emergency maintenance, they contact Irby on the personal cell phone.

27. From at least January 1, 2014 forward Plaintiff Irby has responded to approximately ten (10) to twenty (20) off-hour and emergency maintenance calls per week, each of which typically lasts approximately thirty (30) minutes.

28. From at least January 1, 2014 forward, the off-hour and emergency maintenance calls amount to approximately 5 (five) to 10 (ten) hours per week.

29. Defendant Berger REI maintains no records that show the number of hours that Plaintiff Irby has worked each day.

30. Defendant Berger REI does not require Plaintiff Irby to maintain records that show the number of hours that Irby works each day.

31. Defendant Berger REI paid Plaintiff Irby the same salary regardless of the fact that Irby has worked over forty (40) hours per week.

32. During the course of her employment Plaintiff Irby has never received overtime pay for any workweek when she works in excess of forty (40) hours.

33. Plaintiff Irby does not have any management duties.

34. Plaintiff Irby does not direct the work of at least two employees.

35. Plaintiff Irby does not have the authority to hire or fire any employees.

**D.** **Plaintiff Irby's Compensation**

36. During the years 2014-2016, Defendant Berger REI paid Plaintiff Irby a weekly salary of $500-$600 per week, plus on certain occasions, additional pay after an apartment that Irby shows is leased.

37. For the year ending December 31, 2014, Plaintiff Irby was paid a total of approximately $29,000.00 in W-2 wages.

38. For the year ending December 31, 2015, Plaintiff Irby was paid a total of $29,730.00 in W-2 wages.

39. For the year ending December 31, 2016, Plaintiff Irby was paid a total of $31,400 in W-2 wages.

40. Defendant Berger REI has also provided Plaintiff Irby with an on-site one-bedroom apartment at no cost; however, Irby was responsible for paying the monthly electrical bill for the apartment.

41. Defendant Berger REI rents one-bedroom apartments at Overbrook Gardens for approximately $895.00.

42. Even though Plaintiff Irby is required to use her personal cell phone for business purposes; Defendant Berger REI has not reimbursed Irby for any portion of her $45 monthly cell phone bill.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT - OVERTIME PAY

### 29 U. S. C. §201, et. seq.

43. Paragraphs 1 to 42 are incorporated herein as if set forth in full.

44. Plaintiff Irby is an Employee within the meaning of 29 U. S. C. §203(e)(1) during the term of her employment.

45. Defendant Berger REI is an Employer within the meaning of 29 U. S. C. § 203(d) of the FLSA.

46. During Plaintiff Irby's employment, Defendant Berger REI has been engaged in commerce, engaged in the production of goods or services for commerce and/or employed in an enterprise engaged in commerce or in the production of goods or services for commerce.

47. Defendant Berger REI has gross annual revenue of greater than $500,000.

48. Plaintiff Irby is a party to whom wages are owed.

49. Defendant Berger REI has repeatedly failed to comply with the maximum hour provisions of 29 U. S. C. §207 of the FLSA by failing to pay Plaintiff Irby time and one-half of her regular rate for hours worked in excess of forty (40) hours per week.

50. Defendant Berger REI's acts were willful, as Berger REI knew, or should have known of the FLSA's requirements.

51. As a corporate officer, owner and manager with operational control of Defendant Berger REI who is responsible for the day-to-day operations of Berger REI with direct responsibility for the supervision of employees, Defendant Arnold Berger is jointly and severally liable under the FLSA.

52. The executive exemption of the FLSA does not apply to Plaintiff Irby's job as her primary job duty does not involve managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise; she does not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; and she does not have the authority to hire or fire other employees, or make suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees.

53. The administrative exemption of the FLSA does not apply to Plaintiff Irby's job as her primary duty is not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and her primary duty does not include the exercise of discretion and independent judgment with respect to matters of significance.

54. The professional exemption of the FLSA does not apply to Plaintiff Irby's job as her primary duty is not the performance of work requiring advanced knowledge predominantly intellectual in character, did not require the consistent exercise of discretion and judgment in a field of science or learning or a prolonged course of specialized intellectual instruction.

55. Plaintiff Irby's job duties are of a "blue collar" nature, thus, the FLSA's executive, administrative and professional exemptions do not apply to her job.

56. Defendants Berger REI and Arnold Berger's failures violate the overtime provisions of the FLSA.

WHEREFORE, Plaintiff Sakinak Irby respectfully requests that this Court enter a declaratory judgment that Defendants' actions complained of herein violate the Fair Labor Standards Act of 1938, enter judgment in Plaintiff's favor against Defendants Berger Real Estate Investment, Inc. and Arnold Berger, jointly and severally, for all amounts of overtime wages that Plaintiff should have received under the FLSA but for Defendants' violation of Plaintiff's rights, liquidated damages as provided under the FLSA, reasonable attorneys' fees, expert witness fees, interest and costs, and any other relief, which the Court deems appropriate.

## COUNT II

## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

### 42 Pa. C. S. § 333.101, et. seq.

57. Paragraphs 1 to 56 are incorporated herein as if set forth in full.

58. During the course of her employment Plaintiff Irby has been an Employee within the meaning of the PMWA.

59. Plaintiff Irby is a Party to whom overtime wages are owed.

60. Defendant Berger REI is an Employer within the meaning of PMWA.

61. Defendant Berger REI has failed to comply with the maximum hour's provisions of the PMWA by failing to pay Plaintiff Irby time and one-half of her regular rate for hours worked in excess of forty (40) hours per week.

62. Defendant Berger REI's acts have been willful, as Defendants should have known of the PMWA's requirements.

63. Defendant Arnold Berger is jointly and severally liable for Defendant Berger REI's violations of the PMWA as he is a corporate officer, owner and manager with operational control of Berger REI, who is responsible for the day-to-day operations of Berger REI with direct responsibility for the supervision of employees.

64. The executive exemption of the PMWA does not apply to Plaintiff Irby's job as her primary job duty does not involve managing the enterprise, or managing a customarily

recognized department or subdivision of the enterprise; she does not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; and she does not have the authority to hire or fire other employees, make suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees,

65. The administrative exemption of the PMWA does not apply to Plaintiff's job as her primary duty is not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and her primary duty does not include the exercise of discretion and independent judgment with respect to matters of significance.

66. The professional exemption of the PMWA does not apply to Plaintiff Irby's job as her primary duty is not the performance of work requiring advanced knowledge predominantly intellectual in character which includes work requiring the consistent exercise of discretion and judgment in a field of science or learning; customarily acquired by a prolonged course of specialized intellectual instruction.

67. Plaintiff Irby's job duties are of a "blue collar" nature, thus, the PMWA's executive, administrative and professional exemptions do not apply.

68. Defendants Berger REI and Arnold Berger's failures violate the overtime provisions of the PMWA.

WHEREFORE, Plaintiff Sakinak Irby respectfully requests that this Court enter a declaratory judgment that Defendants' actions complained of herein violate the Pennsylvania Minimum Wage Act, enter judgment in Plaintiff's favor against Defendants Berger Real Estate Investment, Inc. and Arnold Berger, jointly and severally, in the form of all compensation and monetary losses, which Plaintiff has sustained, including compensatory and statutory damages; reasonable attorneys' fees, expert witness fees, costs, and any other relief which the court deems appropriate.

## COUNT III

**VIOLATION OF PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**

**43 Pa C. S. § 260.1, et. seq.**

69. Paragraphs 1 through 68 are incorporated herein as though set forth in full.

70. Plaintiff Irby is an Employee as defined by the WPCL.

71. Defendant Berger REI is an employer within the meaning of the WPCL.

72. Defendant Berger REI has willfully failed to pay Plaintiff Irby wages earned as defined by the WPCL during the course of her employment within the time limits prescribed by the WPCL.

73. Plaintiff Irby has been damaged as result of Defendant Berger REI's failure to pay wages due.

74. Defendant Berger REI has failed to pay wages due for a period in excess of thirty (30) days beyond regularly scheduled paydays.

75. Defendant Arnold Berger is jointly and severally liable for Defendant Berger REI's violations of the WPCL as he has responsibilities for implementing corporate policy and has a policy-making function and/or an active role in the corporation's decision making process.

WHEREFORE, Plaintiff Sakinak Irby respectfully requests that this Court enter a declaratory judgment that Defendants' actions complained of herein violate the Pennsylvania Wage Payment and Collection Law, enter judgment in Plaintiff's favor against Defendants Berger Real Estate Investment, Inc. and Arnold Berger, jointly and severally for all wages that Plaintiff should have received under the PMWA but for Defendants' violation of his rights, statutory damages, reasonable attorneys' fees, expert witness fees, interest and costs, and any other relief, which the Court deems appropriate.

_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Attorney for Plaintiff Sakinak Irby

Dated: May 8, 2017